UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DUSTIN HOWARD RUSSELL,                                                                    Plaintiff,

v.                                                                Civil Action No. 3:20-CV-P627-RGJ

JAMIE UNDERWOOD *et al.*,                                                              Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dustin Howard Russell filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

**I. STATEMENT OF FACTS**

Plaintiff was a prisoner at the Larue County Detention Center (LCDC) at the time relevant to the complaint.  He names as Defendants the following employees of LCDC in their official and individual capacities:  Jailer Jamie Underwood; Nurse Mellisa Johnson; Captain Mindy Tucker; and Lt. Russell McCoy.

Plaintiff alleges that on February 23, 2018, he was transferred to LCDC where he was housed in a cell with plumbing issues, including showers that only had cold water.  He states that he filed grievances about these issues.  He further states that in the middle of March a Department of Corrections (DOC) inspector came and made notes of things that needed to be addressed.  However, he states that nothing changed after the inspector's visit.  He states that he and three other inmates reached out for help from family members, who then called and emailed

the jail and elected officials. He alleges that in April 2020 he was moved to another cell that did not have a phone or kiosk in retaliation for making complaints. He states that he contacted his wife and asked her to call the DOC jail inspector. He alleges that after his wife contacted the inspector the "Jailer and staff were very angry". He alleges that Defendant Underwood commented that Plaintiff and the other inmates were troublemakers and that he could move inmates anywhere he wanted to within the jail. Plaintiff states, "He threatened to take my chirp [sic] away and I was put on ecig restriction." He also states that he was again moved cells, this time to a cell "out of general population and isolated."

Plaintiff next alleges that on April 22, 2020, his mail from the ACLU, which was marked "confidential," was opened. He states that he filed a grievance and received a response that the mail had been opened by mistake by Defendant McCoy and two non-Defendant sergeants. He explains that Defendant Tucker is the mail-room supervisor. He also states that after this incident he asked for copies of the documents he had filed through the kiosk but was denied by Defendant Underwood because it was 60 pages which would be a fire hazard.

Finally, Plaintiff alleges that he was denied mental health treatment. He states that he requested to see a mental health doctor during the intake process and that he told the nurse, Defendant Johnson, what medications he was taking. He states that the nurse took his blood pressure and told him he would see a doctor. He states that he signed a release for his medical records from prison; however, he was told that LCDC could not keep him on the medications he had been taking. He then asked to see a mental health doctor but was told that LCDC does not offer mental health services. Plaintiff states that he filed grievances and offered to pay for an outside visit but was denied. He further states that according to the LCDC handbook mental health visits are the same cost as dental visits.

As relief, Plaintiff requests monetary and punitive damages and injunctive relief in the form of providing inmates with mental health services and a "write up process".

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Mail claim

Plaintiff alleges that on April 22, 2020, his mail from the ACLU which was marked confidential was opened. He states that he was told that the mail had been opened by mistake by Defendant McCoy and two non-Defendants. He explains that Defendant Tucker is the mail room supervisor.

Plaintiff has failed to state a claim for a violation of a constitutional right related to his mail from the ACLU because he has only alleged a one-time occurrence of confidential mail being opened. *See, e.g.*, *Morgan v. Montanye*, 516 F.2d 1367, 1370-71 (2d Cir. 1975) (finding no cause of action for damages under § 1983 for a single instance of interference with prisoner's legal mail); *Brown v. Kasich*, No. 4:16CV2284, 2017 WL 769958, at *4 (N.D. Ohio Feb. 28, 2017) ("[A] random or isolated incident of inadvertent mail interference does not state a claim that rises to the level of constitutional magnitude, and is therefore not actionable under § 1983."); *Banks v. Hiland*, No. 5:12-CV-P197-R, 2013 WL 1679362, at *8 (W.D. Ky. Apr. 17, 2013) (same). Consequently, this claim will be dismissed, and because this is the only claim against Defendants McCoy and Tucker, they will be dismissed from this action.

### *B. Claim related to documents*

Plaintiff asserts that his request for copies of the documents he had filed through the kiosk was denied by Defendant Underwood because the number of pages would be a fire hazard.

Under the First Amendment, prisoners have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002). "Actual injury" is not demonstrated "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). In this case, Plaintiff fails to allege facts showing that he suffered any actual injury as a result of being denied copies of these papers. Without such allegations, Plaintiff's complaint fails to state

a claim for relief for a denial of access to the courts under the First Amendment, and this claim will be dismissed.

### C. Injunctive relief

Since filing his complaint, Plaintiff has been transferred to another institution. Therefore, his requests for injunctive relief are moot and will be dismissed. *See Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that a prisoner's claims for injunctive relief became moot after he was transferred to another facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

### D. Individual-capacity claims against Defendants Underwood and Johnson

Upon review, the Court finds that Plaintiff has stated a § 1983 claim for retaliation against Defendant Underwood and a § 1983 claim for denial of mental-health treatment against Defendant Johnson. The Court will allow these claims to continue.

### E. Official-capacity claims against Defendants Underwood and Johnson

The claims against Defendants Underwood and Johnson in their official capacities must be construed as brought against the governmental entity which employs them. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claims against these Defendants in their official capacities are actually brought against the Larue County government. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, like Larue County, it is not enough to allege that the plaintiff's harm was caused by a constitutional violation; a plaintiff must also allege that the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)

5

(emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff claims that Defendant Underwood retaliated against him but does not allege that the purported retaliation was caused by a Larue County custom or policy. Consequently, Plaintiff fails to state a claim against Defendant Underwood in his official capacity.

Because Plaintiff does link the denial of mental health treatment to a Larue County custom or policy, the Court will allow the official-capacity claim against Defendant Johnson to continue.

### III. CONCLUSION AND ORDER

The Court will allow to go forward Plaintiff's retaliation claim against Defendant Underwood in his individual capacity and his claim that he was denied mental health treatment against Defendant Johnson in her individual and official capacities.

**IT IS ORDERED** that Plaintiff's claims related to his mail and not being given 60 pages of documents; his claims for injunctive relief; and his official-capacity claim against Defendant Underwood are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

Because all of the claims against Defendants Tucker and McCoy have been dismissed, the Clerk of Court is **DIRECTED** to terminate Defendants Tucker and McCoy as parties to this action.

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Larue County Attorney
A961.009