**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.: 3:20-cv-00627-RGJ**

**ELECTRONICALLY FILED**

| | |
|---|---|
| **DUSTIN HOWARD RUSSELL** | **PLAINTIFF** |
| v. | |
| **JAMES UNDERWOOD;** | |
| **MELISSA JOHNSON** | **DEFENDANTS** |

**DEFENDANT, MELISSA JOHNSON, RN'S, ANSWER TO PLAINTIFF'S COMPLAINT**

Comes the Defendant, Melissa Johnson, RN, by counsel, and for her Answer to Plaintiff's Complaint hereby states as follows:

1. This Answering Defendant specifically denies the allegations contained in Plaintiff's handwritten Complaint (DN 1) that are directed towards her.

2. Any allegation not specifically admitted is hereby denied.

**AFFIRMATIVE DEFENSES**

1. This Defendant pleads that Plaintiff failed to properly serve her with the Complaint in this matter in accordance with Federal Rule of Civil Procedure 4(e). This Defendant does not waive the defense of improper service of process by filing this Answer and expressly reserves the right to file any and all appropriate dispositive motions in the future.

2. Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), Plaintiff's Complaint is insufficient in that it fails to

specifically allege or otherwise establish that personal jurisdiction over this Defendant is appropriate in this case. Pursuant to Fed.R.Civ.P. 12(h), this Defendant does not waive the defense of lack of personal jurisdiction by filing this Answer and expressly reserves the right to contest any future allegations should the deficiencies in Plaintiff's Complaint be corrected regarding personal jurisdiction and/or venue.

3. The Complaint against this Defendant fails because she was not acting under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, and was not otherwise a State Actor, such that she is not subject to liability under 42 U.S.C. §1983.

4. The Complaint fails to state a claim upon which relief can be granted against this Defendant.

5. The Complaint may have failed to join a party or parties whose joinder is required under Rule 19.

6. The Complaint may be barred by the doctrine of estoppel.

7. The Complaint may be barred by the applicable statute of limitations.

8. The Complaint may be barred by the doctrine of waiver.

9. The Plaintiff may have failed to exhaust administrative remedies as required by law.

10. At all times complained of, this Defendant acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to her conduct and with an objectively reasonable belief that her actions were lawful.

11. If the Plaintiff has been damaged as alleged, which is specifically denied, such damage is the result of the actions or omissions of Dustin Howard Russell.

12. If the Plaintiff has been damaged as alleged, which is specifically denied, such damage is the result of the negligence of a third party or parties over whom this Defendant had no authority or control.

13. The Complaint may be barred by the provisions of the Prison Litigation Reform Act, 42 U.S.C.A. § 1997(e), et. seq.

14. The Complaint may be barred by the doctrines of intervening and/or superseding cause.

15. The Complaint may be barred by the doctrines of comparative and/or contributory negligence.

16. The Complaint may be barred by the doctrines of qualified immunity, governmental immunity, qualified official immunity, and the immunity set forth in Chapter 65 of the Kentucky Revised Statutes, the Claims against Local Governments Act.

17. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed because a jury, under Kentucky law: (1) is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of this Defendant; (4) is permitted to

award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard. For the foregoing reasons, a punitive damage award would violate Kentucky law and this Defendant's due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of Kentucky.

18. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

19. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17, and 26.

20. To the extent that the Plaintiff asserts a claim for punitive damages, such claim is not permitted without proof of each and every element beyond a reasonable doubt, and, as such, violates this Defendant's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provision of the Constitution of the Commonwealth of Kentucky.

21. To the extent that the Plaintiff asserts a claim for punitive damages, such claim should be dismissed because any award of punitive damages, under the law of the Commonwealth of Kentucky, without the same protections accorded to criminal

defendants, including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial, and the effective assistance of counsel, would violate this Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth, and Sixth Amendments as incorporated into the Fourteenth Amendment and Sections 2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

22. This Defendant pleads and incorporates by reference each and every affirmative defense provided in the Federal Rules of Civil Procedure, including but not limited to those set forth in Rule 8, or in common law, which may be appropriate or applicable upon the facts as they are discovered in this action.

23. This Defendant reserves the right to plead further herein and specifically reserves the right to amend this Answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

WHEREFORE, having Answered, this Defendant prays that the Complaint be dismissed and held for naught; for a trial by jury; for her costs and reasonable attorney's fees; and for any and all other relief for which she appears properly entitled.

    Respectfully submitted,

    /s/ Robert J. Shilts
    Robert J. Shilts – KY 91267
    James E. Smith – KY 90979
    Gazak Brown, P.S.C.
    3220 Office Pointe Place
    Suite 200
    Louisville, Kentucky 40220
    (502) 412-5020 Tel.

                                        (502) 412-1004 Fax
rshilts@gazakbrown.com
jsmith@gazakbrown.com
Service Email:
pleadings@gazakbrown.com
sjacobsvaldes@gazakbrown.com
*Counsel for Defendant, Melissa Johnson*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via U.S. Mail, postage pre-paid, and/or via electronic service this 13th day of May, 2021 to the following:

| | |
|---|---|
| **Legal Mail: Inmate # 191746**<br>Dustin Howard Russell<br>Southeast State Correctional Complex<br>P.O. Box 1600<br>Wheelwright, Kentucky 41669<br>*Pro Se Plaintiff* | R. Keith Bond<br>Coleman Lochmiller & Bond<br>P.O. Box 1177<br>Elizabethtown, Kentucky 42702<br>270-737-0600 Tel.<br>*Counsel for Defendant, Jamie Underwood* |

/s/ Robert J. Shilts
Robert J. Shilts
James E. Smith
*Counsel for Defendant,*
*Melissa Johnson*