```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
                         LOUISVILLE DIVISION
                   CIVIL ACTION NO. 3:20-CV-P627-RGJ
```

DUSTIN HOWARD RUSSELL                                       PLAINTIFF

VS.                        **MEMORANDUM OF LAW**

JAMIE UNDERWOOD, et al.                                     DEFENDANT

* * * * * * * * * * * *

Comes the Defendant, JAMIE UNDERWOOD, by counsel and in support of his Motion to Dismiss tenders this Memorandum of Law:

**STATEMENT OF FACTS:**

On January 27, 2020, Plaintiff, DUSTIN HOWARD RUSSELL (hereinafter "RUSSELL"), was arrested and lodged in the Larue County Detention Center (hereinafter "LCDC") initially for Dangerous Drugs and a Parole Violation.

During his incarceration, RUSSELL made the accusation that Defendant Underwood caused him to be incarcerated in a cell with major plumbing issues, shower with only cold water, opening legal mail and denial of medical treatment. He states that when he and his family members complained about these conditions, Defendant Underwood transferred him to a cell with no phone, "no kiosk for visits," and a button between (2) sinks to get a drink and wash their hands.

Plaintiff states that he did not do anything to deserve disciplinary action other than exercise his "right to grievance"

and that he is now "in disciplinary isolation for no real reason for an undetermined amount of time."

Plaintiff indicates that, based upon these allegations, he is asserting claims of cruel and unusual punishment, discrimination, and retaliation against Defendant Underwood.

**PROCEDURAL HISTORY:**

RUSSELL filed a Pro Se Civil Rights Complaint (DN1) on September 3, 2020. The Court issued a Memorandum Opinion and Order (DN7) on February 7, 2021 dismissing the claims related to his mail, injunctive relief and his official capacity claim against Underwood, but permitted the retaliation claim to proceed against Underwood. The Schedule Ordering (DN8) was entered February 11, 2021, to include deadlines for discovery and Pretrial Memorandums. To date, Plaintiff RUSSELL has not filed any discovery or his Pretrial Memorandum.

**LEGAL ARGUMENT:**

Clearly RUSSELL has abandoned this litigation, and under Rule 41(b), the Court may dismiss RUSSELL's Complaint. Under Rule 41(b), "[i]f the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

> When contemplating dismissal under Rule 41(b), a court must consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault (2) whether the adversary was prejudiced by dilatory conduct of the party; (3) whether the dismissed party was warned

      that failure to and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Stough v. Mayville Cmty. Sch.,* 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.* 842 F.2d 150, 153-55 (6th Cir. 1998)). "'Prior Notice, or the lack thereof, is . . . a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Strough,* 138 F. 3d at 615). Here, Paragraph (12) of the Court's Scheduling Order (DN10) placed VAUGHN on notice that his noncompliance with this Court's Order could result in dismissal of his lawsuit.

      Here, RUSSELL has clearly abandoned this litigation even though the Court has given him ample opportunity to prosecute his case. RUSSELL's failure(s) to abide by the Court's Order(s) include the following:

      (1) The Court entered a Scheduling Order (DN8) requiring RUSSELL to file a Pretrial Memorandum on or before July 8, 2021 and RUSSELL failed to comply;

      RUSSELL has been afforded every opportunity to prosecute his case, but the criteria set out in FRCP 41(b) have not been obviously satisfied. RUSSELL was informed from the beginning that his failure to comply with an Order of the Court **"MAY RESULT IN A DISMISSAL OF THIS CASE."** See (DN8). RUSSELL's willful and flagrant

noncooperation, bordering on bad faith, alone necessitates dismissal of his Complaint, with prejudice; however, when considering the other criteria of FRCP 41(b) it becomes even more obvious that RUSSELL has blatantly ignored the Court's Orders. As previously mentioned, RUSSELL has ignored the Orders of the Court knowing his noncompliance could result in dismissal of his case, yet he has ignored the Court almost since the inception of this litigation by habitually being noncompliant.

**CONCLUSION:**

For the foregoing reasons, the Defendants, JAMIE UNDERWOOD, respectfully request this Honorable Court to dismiss the action herein for the above stated reasons.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 9, 2021, I electronically filed the foregoing with the Clerk of the Court by using the ECF document filing system of the Western District of Kentucky, which will provide electronic service to the following:

Robert Shilts
James smith
Gazak Brown, P.S.C.
3220 Office Pointe Place, Suite 200
Louisville, KY 40220

Also Mailed the foregoing to:

Dustin Howard Russell
Southeast State Correction Complex
PO Box 1600
Wheelwright, KY 41669

/s/ R. Keith Bond
R. KEITH BOND